UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-0138-010-CVE |
| | ) |
| OSCAR MONTOYA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court are the Unopposed Motion by Defendant Montoya to Declare the Case "Complex" for Purposes of Speedy Trial Act (Dkt. # 250)[1] and defendant's Motion to Extend Scheduling Dates (Dkt. # 251). Defendant asks the Court to continue the deadlines in the current scheduling order by 90 days to provide him adequate time to prepare for trial. The Court heard argument on defendant's motion for continuance at the pretrial conference on July 30, 2010. Defense counsel stated that he could be ready for trial sooner than he anticipated, and a lengthy continuance is not necessary.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for

---

[1] The Court has already declared this matter to be a complex case under the Speedy Trial Act, 18 U.S.C. § 3161, and defendant's motion (Dkt. # 250) to declare this matter a complex case is moot.

granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that defense counsel would be unable to prepare for trial under the current scheduling deadlines, and a limited ends of justice continuance is appropriate. Defendant made his initial appearance on July 16, 2010, and counsel was appointed to represent defendant at that hearing. Dkt. # 239. The Court entered a scheduling order setting a motions deadline of July 26, 2010, a pretrial conference for July 30, 2010, and a jury trial date of August 16, 2010. Defense counsel states that the government has produced approximately 13,000 pages of discovery in

electronic format, and he was not able to pick up hard copies of the discovery until July 24, 2010. He also states that defendant does not speak English and defense counsel must have an interpreter present to meet with defendant. However, defense counsel acknowledges that much of the discovery does not apply to the charge against defendant, and it will not take as long to review the discovery as he anticipated. Counsel for the government also states that he is willing to assist defense counsel by identifying the discovery relevant to defendant, and he has provided documents to defense counsel in a searchable electronic format that will expedite defense counsel's review of the discovery. Defense counsel suggested that he could be ready for trial by August, 16, 2010, but the Court finds that defense counsel should be given some additional time to prepare for trial. The Court also finds that the public's interest in a speedy trial does not outweigh the need to provide defense counsel adequate time to prepare for trial, and a limited ends of justice continuance is appropriate under the circumstances.

At the pretrial conference on July 30, 2010, defense counsel agreed to a special trial setting of September 7, 2010. In a separate opinion and order ruling on defendants' motions for severance, the Court struck the August 16, 2010 trial date as to Ayala and Montoya, and reset their jury trial for September 7, 2010. See Dkt. # 258. Therefore, it is not necessary to strike the August 16, 2010 jury trial in this Opinion and Order, and the Opinion and Order is filed for the purpose of memorializing the Court's finding that the time between August 16, 2010 and September 7, 2010 is excludable under the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Unopposed Motion by Defendant Montoya to Declare the Case "Complex" for Purposes of Speedy Trial Act (Dkt. # 250) is **moot**, and defendant's Motion to Extend Scheduling Dates (Dkt. # 251) is **granted**.

**IT IS FURTHER ORDERED** that the time between August 16, 2010 and September 7, 2010 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 30th day of July, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT